UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No: 8:21-cr-0180-KKM-TGW

JERAMIE NORMANDIN,

_____

# ORDER

In federal court, district judges must sentence criminal defendants in person. *See* Fed. R. Crim. P. 43(a)(3) (requiring that a criminal defendant be "present" for sentencing); *see, e.g.*, *In re United States*, 784 F.2d 1062, 1062–63 (11th Cir. 1986) (interpreting an older, but not materially different version of Rule 43, to "require[]" the defendant's presence at sentencing, not simply provide him a right to be present). And for good reason—"[b]eing physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference." *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018) (quotation omitted). And the importance of these intangibles, particularly as they implicate the purposes of punishment enumerated in 18 U.S.C. § 3553(a), only increases when a district judge must fashion a sentence and impose a criminal judgment lawfully depriving the defendant of his liberty. *See United States v. Fagan*, 464 F. Supp. 3d 427, 430 (D. Me. 2020) (Hornby, J.)

("Physical presence makes unavoidable the recognition that—in sentencing—one human being sits in judgment of another, with a dramatic impact on the future of a living, breathing person, not just a face on a screen."). An in-person proceeding enables the Court to assess the credibility of a defendant's allocution and his demeanor with a level of accuracy that a virtual medium cannot match. At bottom, the Federal Rules and caselaw recognize what common sense should already have informed all: in criminal sentencings, "virtual reality is rarely a substitute for actual presence." *United States v. Lawrence*, 248 F.3d 300, 303–05 (4th Cir. 2001).

In the light of the then-novel COVID-19 virus in 2020, Congress created a statutory exception to the defendant's physical presence in the courtroom during sentencing. In particular, the CARES Act authorizes district courts to conduct plea and sentencing hearings by video conference if the defendant consents and "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 15002(b)(2)(A), 134 Stat. 281, 527–29 (2020).

Defendant Jeramie Normandin requests that the Court permit him to appear via video conference during his sentencing hearing, scheduled for February 7, 2022. (Doc. 53.) As the basis, Normandin cites his ulcerative colitis/proctitis, which precipitates

2

"unexpected [episodes] and cause[s] him to have abdominal pain, an urgent need to use the bathroom, and severe diarrhea." (*Id.* at 3.) Because the Magistrate Judge granted Normandin pretrial release, he must travel from Indian Harbor Beach where he resides to Tampa for the sentencing hearing, necessitating frequent bathroom stops that will prolong the trip. (*Id.* at 3–4.) Normandin also cites the length of this case's history, noting that he was arrested in October 2017 for the underlying conduct and that further delay would cause serious harm to the interests of justice. (*Id.* at 4.) Normandin does not forecast a date when his condition might improve; rather, he indicates elsewhere that he ceased taking the prescribed medication due to its cost. (Doc. 54 at 13.) Based on widely available medical knowledge, ulcerative colitis is a lifelong condition, which can improve somewhat through medication and diet, but is not curable.

Although the Court appreciates the significant difficulties accompanying ulcerative colitis, it denies the request for several reasons. First, the Court will take any necessary recesses to accommodate Normandin's medical needs throughout the sentencing hearing. Second, Normandin faces a lengthy term of imprisonment, as his sentencing guideline range (absent any downward departure or variance) is 57 to 71 months. (Doc. 54 at 16.) Thus, unlike instances when a defendant potentially faces time-served such that an additional trip to the federal courthouse is unwarranted, Normandin will almost certainly serve a significant prison sentence followed by a term of supervised release. *See United*

3


*States v. Almeida*, No. 2:11-cr-127, 2020 WL 4227391, at *2 (D. Me. July 23, 2020) (Hornby, J.) (explaining that "time served" sentences are "the usual category of cases" in which district judges permit video sentencing). So too, a potential sentence of such severity requires a "personal interaction between the judge and the defendant" that "videoconferencing cannot fully replicate." *Bethea*, 888 F.3d at 867 (quoting *United States v. Thompson*, 599 F.3d 595, 600 (7th Cir. 2010)). Third, due to his plea of guilty to Conspiracy to Possess with Intent to Distribute Cocaine, (Doc. 40 at 1; Doc. 50), Normandin is ineligible for voluntary surrender, *see* 18 U.S.C. §§ 3142(f)(1), 3143(a)(2). Thus, the Court cannot permit him to self-surrender following a video conference.

Finally, Normandin does not satisfy the requirements of the CARES Act exception. The Act permits video sentencing when a district judge finds that a sentencing "cannot be further delayed." § 15002(b)(2)(A); *see, e.g.*, *United States v. Visnich*, No. 19-cr-0069, 2020 WL 6161259, at *1 (W.D. Wash. Oct. 21, 2020) (Coughenour, J.) (permitting a video sentencing because requiring physical presence would result in a three-month delay); *United States v. Jones*, No. 19-cr-225, 2020 WL 1644257, at *1 (D. Minn. Apr. 2, 2020) (Nelson, J.) (denying video sentencing after concluding that delaying sentencing was not prejudicial).

Normandin's sentencing is scheduled to occur in person on February 7, 2022. Normandin is not asking that the sentencing occur earlier, but only through a more

4

convenient medium. Nor does Normandin suggest that a delayed in-person sentencing is necessary due to the risks of COVID-19. *See Visnich*, 2020 WL 6161259, at *1 (explaining that a court may conduct a video sentencing due to delay from "the health risks posed by the COVID-19 pandemic"). Normandin does not allege that his age (33) or medical condition increase the risk of contracting COVID-19 or make its symptoms worse, a concern that forms the entire impetus for Congress contemplating that an exemption to the physical presence requirement at sentencing might be warranted "for specific reasons" in a "particular case." § 15002(b)(2)(A). Nor does Normandin cite the recent Omicron variant as a reason to delay or to avoid an in-person hearing. Indeed, the Tampa Division has continued to hold in-person hearings, including jury trials, throughout the pandemic without incident. Since denying Normandin's motion will not result in delay to his February 7, 2022 sentencing, the Court cannot find that delay causes "serious harm to the interests of justice." *Id.*

For the above reasons, Normandin's request to proceed via video conference at his sentencing on February 7, 2022, is **DENIED**.

**ORDERED** in Tampa, Florida, on February 1, 2022.

Kathryn Kimball Mizelle
United States District Judge